DIXON, Judge.
Plaintiff seeks damages for personal injuries suffered when he was struck by a car driven by Mrs. Grover L. Watson, Jr., one of the defendants, in West Monroe on November 2, 1966. In a written opinion, the trial court found the plaintiff guilty of contributory negligence, and held that the doctrine of last clear chance had no application under the circumstances. There was a judgment in favor of the defendants, Mr. and Mrs. Watson, and Indiana Lum-bermens Mutual Insurance Company, rejecting the demands of the plaintiff, from which judgment the plaintiff appeals.
The accident occurred while the plaintiff was attempting to control traffic in order that a large truck could back into the street after dark. The plaintiff had accompanied the truck and its driver to its *95 destination, since he was interested in purchasing the vehicle. The truck had pulled into a cotton oil mill on Trenton Street to be weighed; on being informed that other scales were to be used, the driver deemed it necessary to back his truck into the street, with the assistance of the plaintiff, Mr. Bordelon, who attempted to control the traffic.
Plaintiff attempts to pitch his case principally upon the doctrine of last clear chance, contending that Mrs. Watson saw or should have seen the plaintiff in a position of peril in the street, and could have avoided the accident by the exercise of a simple maneuver. Mr. Bordelon’s testimony was that he was standing near the rear of the truck involved, and had assisted in maneuvering it so that it had backed across the sidewalk and into the street about six or seven feet. Mr. Bordelon said that he was standing about seven or eight feet from the curb, just outside the line of parked automobiles along the curb, when he was struck. His testimony indicated that he was struck by the right hand side of Mrs. Watson’s automobile after he had begun to wave his arms frantically, and had decided to jump for safety. None of the other witnesses saw- the accident as Mr. Bordelon related it.
A mechanic named Joe R. Guess was driving a truck near the point of the accident in a southerly direction (Mrs. Watson was proceeding in a northerly direction). The truck driven by Mr. Guess stopped near the centerline of the street while Mr. Guess talked to Mr. Bordelon while Mr. Bordelon stood in the southbound lane. After communicating with Guess, Mr. Bor-delon started back across the street and a car swerved, coming close to him. Mr. Guess testified that as Mr. Bordelon looked toward the car that had swerved and frightened him, he took a step “and that is when he stepped in front of this other car and that is when the car hit him.”
The car immediately preceding the Watson automobile was driven by Robert Glenn Frazier, a commercial photographer. As Frazier passed the point where the accident occurred, he was startled when he almost struck Mr. Bordelon. Mr. Frazier saw a face in his window as he passed, only a matter of inches from the man in the street. After passing the man, he looked in his rear view mirror, saw the man illuminated in the headlights of Mrs. Watson’s car and saw the Watson car strike the plaintiff, knocking him into the air.
All the witnesses place the plaintiff in the street in front of the left side of the automobile. The only damage disclosed by the record to the Watson car is on the left side, behind the headlight. Mrs. Watson and her son Bruce both saw Mr. Bordelon on the left portion of the front of the car. The witnesses testified that Mr. Bordelon was dressed in dark green work clothing, and carried no light or reflector.
This is clearly not a case for the application of the doctrine of last clear chance. The evidence indicates that Mr. Bordelon walked into Mrs. Watson’s automobile. Mrs. Watson had observed the truck attempting to back into the street; she approached the point of the accident with caution. The plaintiff is the only witness who testified that he stood in her path, waving his arms, attempting to attract her attention before trying to jump to safety.
It is not necessary to determine whether the defendant was guilty of any negligence; the plaintiff’s own negligence was clearly the proximate cause of the accident. Since the plaintiff stepped from a place of relative safety (at least from Mrs. Watson’s approaching vehicle) into Mrs. Watson’s car, without any warning to her that he was about to do so, it cannot be said that Mrs. Watson had either the last chance or a clear chance to avoid the accident.
For these reasons, the judgment of the district court is affirmed, at appellant’s cost.